Ronald M. Horwitz, #005655
Janessa E. Koenig, #018618
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
jek@jaburgwilk.com

Attorneys for Desert Schools Federal Credit Union

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTOPHER G. GRENDA and ANGELA M. GRENDA,<br><br>Debtors. | Chapter 13<br><br>Case No. 2:10-bk-31246-CGC |
| DESERT SCHOOLS FEDERAL CREDIT UNION,<br><br>vs<br><br>CHRISTOPHER G. GRENDA and ANGELA M. GRENDA, and EDWARD J. MANEY, Trustee.<br><br>Respondents. | STIPULATION REGARDING PLAN OBJECTION AND AVOIDANCE OF JUNIOR LIEN HELD BY DESERT SCHOOLS FEDERAL CREDIT UNION |

This Stipulation Regarding Plan Objection and Avoidance of Junior Lien Held by Desert Schools Federal Credit Union ("Stipulation") is entered into by and between Christopher G. Grenda and Angela M. Grenda (hereinafter referred to as "Debtors"), by and through their attorney of record, Jackson D. Moll, and Desert Schools Federal Credit Union (hereinafter referred to as "Desert Schools"), by and through its attorney of record, Janessa E. Koenig.

## RECITALS

A. Debtors are the makers of a Real Estate Secured Note and Security Agreement dated February 18, 2006, under which the Debtors received a loan from Desert Schools in the principal amount of $25,000.00 ("the Note"), which is secured by a second

15110-222/JEK/JEK/837077_v1

position Deed of Trust ("Second Deed of Trust") in favor of Desert Schools dated February 18, 2006, and recorded on April 4, 2006 with the Maricopa County Recorder's Office at Instrument No. 2006-0454475, encumbering the real property located at 521 W. Del Oro, Mesa, Arizona 85210 (the "Subject Property"). The Subject Property is legally described as follows:

> Lot 24, Fiesta Gardens, according to Book 199 of Maps, Page 02; records of Maricopa County, Arizona.

The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

B. On or about September 29, 2010, the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy for the District of Arizona, and were assigned Case No. 2:10-bk-31246-CGC.

C. On or about September 29, 2010, the Debtors filed a Chapter 13 Plan and Application for Payment of Administrative Expenses.

D. On or about October 21, 2010, Desert Schools filed an Objection to Confirmation of Debtors' Chapter 13 Plan.

## AGREEMENTS

**THE PARTIES HEREBY STIPULATE AND AGREE TO THE ENTRY OF A FINAL ORDER WHICH PROVIDES AS FOLLOWS:**

1. Desert Schools' claim secured by the Second Deed of Trust shall be treated, classified and allowed as a non-priority general unsecured claim in the Debtors' Chapter 13 Plan, SUBJECT TO THE FOLLOWING CONDITIONS:

    A. The avoidance of Desert Schools' Second Deed of Trust is contingent upon the confirmation of the Debtors' Chapter 13 plan;

    B. The avoidance of Desert Schools' Second Deed of Trust is contingent upon the Debtors' full performance and completion of their Chapter 13 plan; and

15110-222/JEK/JEK/837077_v1

C. The avoidance of Desert Schools' Second Deed of Trust is contingent upon the Debtors' receipt of a Chapter 13 discharge.

2. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, Desert Schools shall, after receipt of notice of said discharge, promptly record a reconveyance of its Second Deed of trust against the Subject Property with the Maricopa County Recorder's Office;

3. Desert Schools shall retain its lien for the full amount due under the Subject Loan and Second Deed of Trust, and Desert Schools' lien shall not be avoided, and Desert Schools' claim shall be treated as a secured claim, in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

4. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Desert Schools' Second Deed of Trust prior to the Debtors' completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, Desert Schools' lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale; and

5. The terms of this Stipulation will be incorporated by reference in an Order confirming the Debtors' Chapter 13 Plan.

IT IS SO STIPULATED:

Dated: 10|25|2010

By: _____
Jackson D. Moll
Attorney for Debtors

Dated: 10|27|10

By: _____
Janessa E. Koenig
Attorney for Desert Schools Federal Credit Union

3

15110-222/JEK/JEK/837077_v1

```
 1   ORIGINAL of the foregoing filed via
     ECF this 28th day of October, 2010
 2
     COPIES of the foregoing mailed this
 3   28th day of October, 2010 to:

 4   Christopher G. Grenda
     521 W. Del Oro Ave.
 5   Mesa, Arizona 85210

 6   Angela M. Grenda
     6152 West Oakland, Apt. 282
 7   Chandler, AZ 85226

 8   Jackson D. Moll, Esq.
     Haines, Krieger & Baldwin, PLLC
 9   15111 North Pima Road, Suite 130
     Scottsdale, Arizona 85260
10   Attorneys for Debtors / Plaintiffs

11   Edward J. Maney
     P.O. Box 10434
12   Phoenix, AZ 85064-0434
     Chapter 13 Trustee
13
     /s/ Kathryn M. Mascari
14   s/ Kathryn Mascari
```

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

15110-222/JEK/JEK/837077_v1